PEOPLE *v.* BURK.

1. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—COURT RULES.
Court rule relating to the arraignment of a criminal defendant requires that court advise accused of his right to counsel and to trial by jury before he is required to plead (GCR 1963, 785.3[4]).

2. SAME—ARRAIGNMENT—PLEA OF GUILTY—COURT RULES—KIDNAPPING—ASSAULT WITH INTENT TO COMMIT RAPE.
Defendant's convictions of kidnapping and assault with intent to commit rape, following his pleas of guilty thereto, *held*, error, where defendant was first advised of his right to counsel and to jury trial after he was required to plead, since the applicable court rule requires that a criminal defendant be advised of such rights before his plea (CLS 1961, § 750.85; CL 1948, § 750.349; GCR 1963, 785.3[4]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 309 *et seq.*

Appeal from Jackson; Simpson (John), J. Submitted Division 2 March 2, 1967, at Lansing. (Docket No. 2,385.) Decided October 16, 1967. Appeal by people denied January 15, 1969. See 381 Mich 797.

Billie Samuel Burk was convicted of kidnapping and assault with intent to commit the crime of rape, following a plea of guilty thereto. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Fleming,* Prosecuting Attorney, and *Vincent F. Stapley,* Assistant Prosecuting Attorney, for the people.

*Howard W. Patch,* for defendant.

QUINN, J. April 8, 1966, defendant pleaded guilty in Jackson county circuit court to charges of kidnaping[1] and assault with intent to commit the crime of rape.[2] He was not represented by counsel. April 15, 1966, he was sentenced to prison on both convictions. June 6, 1966, the trial court denied defendant's motion to set aside both convictions and to allow defendant to withdraw his pleas of guilty. Defendant appeals and urges as grounds for relief the same grounds asserted in the foregoing motion, namely: the trial court erred at arraignment by failing to afford defendant an opportunity to request counsel or by failing to inquire expressly whether defendant desired the court to appoint counsel and by failing to advise defendant of the minimum and maximum sentences involved prior to accepting his pleas of guilty.

There follows the pertinent part of the transcript on arraignment for the charge of kidnapping:

[1] CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581).
[2] CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).

"*The Court.* (Addressing the defendant) You understand what you are charged with Mr. Burk?

"*The Defendant.* Yes, Your Honor.

"*The Court.* You did wilfully, maliciously and without lawful authority forcibly confine and imprison another person, to-wit: Judith Layman, within this State and against her will, is that right?

"*The Defendant.* Yes, Your Honor.

"*The Court.* You understand that?

"*The Defendant.* Yes, Your Honor.

"*The Court.* How do you wish to plead?

"*The Defendant.* Guilty.

"*The Court.* You wish to plead guilty, . . .

"*The Defendant.* Yes, sir.

"*The Court.* (Continuing) . . . is that right?

"*The Defendant.* Yes, sir."

(The transcript on the arraignment for the charge of assault with intent to commit the crime of rape is so nearly identical to the foregoing that it is not repeated here.)

Thereafter the trial court did advise defendant of his right to counsel and to jury trial.

GCR 1963, 785.3(1) requires that the foregoing advice as to right to counsel and to a jury trial be given to defendant "before he is required to plead" and such requirement is mandatory, GCR 1963, 785.3-(4). This defect in arraignment procedure requires that defendant's pleas be set aside and obviates discussion of the other questions raised on this appeal.

Reversed and remanded.

T. G. Kavanagh, P. J., and McGregor, J., concurred.